IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 NOV 17 A 8:33
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| GREGORY GILLILAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CV 106-124 |
| ) | |
| J. BAKER BROWN, Doctor, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. After filing his original complaint, Plaintiff filed a motion to amend. (Doc. no. 4). Because Defendants had not yet filed a responsive pleading, the Court denied Plaintiff's motion as moot and allowed him to amend his complaint. (Doc. no. 10). Plaintiff's amended complaint is now before the Court. (Doc. no. 11). Because Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: Judith B. Brown, Doctor; Timothy C. Young, Doctor; Billy M. Nichols, Doctor; and L. Beard, Nurse. (Doc. no. 11, p. 1). Plaintiff alleges that Defendants "are not qualified. General [surgeon will not] properly [perform the duty to] operate." (Id.). Plaintiff has cancer and has requested an erythropoietin[1] and a liver specialist to treat his low red blood cell count; however, he claims that the erythropoietin has not been provided and that ASMP does not have a specialist on staff. (Id.). Plaintiff further argues that he has been treated by "unqualified physicians," including physicians from the Medical College of Georgia, who have "discontinued specialist orders" and passed him around like a "merry-go-round." (Id.). Plaintiff asserts that his medical needs have been neglected for five years, which has caused increased injury and unnecessary pain. (Id.). Plaintiff attributes this neglect to the fact that (1) the "medical staff" did not review his history and instead failed to follow the laws, (2) Nurse Beard "provided her reply 'no medical need necessary,'" and (3) medical orders were not followed. (Id.).

## II. DISCUSSION

Although Plaintiff names Judith B. Brown, Timothy C. Young, and Billy M. Nichols as Defendants, these persons are not mentioned anywhere in Plaintiff's statement of claim. (Id. at 1, 5). As such, Plaintiff has not set forth any allegations which indicate that these Defendants violated his rights. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting

---

[1] Erythropoietin is a hormone that regulates red blood cell production. See http://www.webmd.com/hw/kidney_failure/tv6913.asp.

that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Judith B. Brown, Timothy C. Young, and Billy M. Nichols.[2]

Further, even though Plaintiff named the remaining Defendant, Nurse Beard, in his statement of claim, Plaintiff merely stated that Nurse Beard "provided her reply 'no medical need necessary,'" and did not provide any supporting facts to otherwise state a claim against Nurse Beard. For example, Plaintiff has not provided any facts specifically indicating that Nurse Beard was ordered to provide some sort of medical care, but disregarded that order, or that Nurse Beard perhaps evaluated Plaintiff and despite Plaintiff's need for medical attention, decided not to administer medical care to Plaintiff.

Moreover, Plaintiff states that he "clearly has evidence enough for prosecuti[ng]" Nurse Beard, but Plaintiff failed to state what this evidence was. Although Plaintiff states in general terms that the physicians and medical staff at ASMP were unqualified and that his medical needs were being neglected, Plaintiff has not alleged any facts that link these general statements to any of Nurse Beard's actions. Stated otherwise, Plaintiff failed to establish a causal connection between Nurse Beard and his general complaints about his medical care. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (noting that a § 1983 claim "requires proof of an affirmative causal connection between the [defendant's] acts or

---

[2] It should be noted that Plaintiff was told in the Order to amend that he must list in both the caption and the body of the complaint the individuals who had participated in the misconduct. (Doc. no. 10, p. 3).

omissions and the alleged constitutional deprivation."). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Nurse Beard.

Finally, it appears from Plaintiff's claim that he disagrees with the medical treatment given to him by the staff at ASMP. However, a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). That is, the burden of showing deliberate indifference cannot be met simply by arguing that an inmate wanted a different type of treatment. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (where an inmate receives adequate medical care, but desires different modes of treatment, the care provided does not amount to deliberate indifference). Therefore, any such argument is meritless.

### III.  CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 17th day of November, 2006, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE